UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>CARL MICHAEAL TAYLOR, )<br>)<br>Defendant. )<br>_____ ) | Criminal No. 06-171<br><br>FILED<br>FEB 15 2013<br>Clerk, U.S. District and<br>Bankruptcy Courts |

## MEMORANDUM OPINION

Before the Court is defendant Carl Michael Taylor's Motion [56] to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2). Upon consideration of defendant's Motion [56] to Reduce Sentence, defendant's Supplement to Defendant's Motion [57], the government's Opposition [61], defendant's Reply [69], the entire record herein, the applicable law, and for the reasons set forth below, defendant's Motion to Reduce Sentence will be DENIED.

I.     BACKGROUND

In 2007, pursuant to a written plea agreement, defendant pled guilty to Conspiracy to Distribute and Possess With Intent to Distribute 50 Grams or More of Cocaine Base in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(iii) and acknowledged responsibility for "more than 1.5 kilograms" of cocaine base, which carried a statutory mandatory minimum sentence of ten years imprisonment. Presenting Investigation Report ("PSR") ¶¶ 3, 65, rev. Mar. 13, 2007; Am. J. & Commitment Order 1, ECF No. 46; 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(iii) (2007). After applicable adjustments, defendant's guideline range was 324 to 405 months imprisonment (total offense level 39; criminal history category II). PSR ¶ 26, 33, 66; U.S. Sentencing Guidelines Manual [hereinafter USSG] §§ 2D1.1, 5A (2007). The Honorable Henry H.

1

Kennedy sentenced defendant to 180 months imprisonment and 60 months supervised release. Am. J. 2–3.

Since defendant was sentenced, the United States Sentencing Commission ("Commission") has amended the Sentencing Guidelines ("Guidelines") to lower the base offense levels for crack cocaine offenses. *See Dillon v. United States*, 130 S. Ct. 2683, 2688 (2010). In 2010, Congress lowered the statutory mandatory minimum sentences for crack cocaine offenses in the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372. In 2011, the Commission responded to the FSA and issued Amendment 750, which retroactively lowered defendant's applicable guideline range from 324 to 405 months to 188 to 235 months (offense level 35, criminal history category II). *See* USSG §§ 1B1.10; 5A (2012). Thus, the bottom of defendant's now-applicable sentencing range is higher than defendant's current sentence of 180 months.

Defendant argues he is entitled to a reduced sentence of 120 months imprisonment—the statutory mandatory minimum sentence for his offense—because such a reduction would include a downward departure comparable to his original sentence, which was 55.6% below the bottom of defendant's then-applicable guideline range. Def.'s Supp. 2, ECF No. 57. The government opposes any sentence reduction, arguing that section 1B1.10(b)(2) of the Guidelines does not permit this Court to reduce defendant's sentence below the bottom of the amended range.[1] Gov't's Opp'n 1–2, ECF No. 61. Defendant challenges the validity of section 1B1.10(b)(2) as recently amended, claiming the section may not lawfully be applied because it violates the

---

[1] In 2011, the Commission adopted Amendment 759, which amended section 1B1.10(b) of the Guidelines. *See United States v. Anderson*, 2012 WL 2673106, at *2 (7th Cir. 2012). Prior to its 2011 amendment, section 1B1.10(b) gave judges discretion to reduce a sentence below the amended guideline range only if the defendant had received a comparable downward departure from the then-applicable guideline range when originally sentenced. USSG § 1B1.10(b)(1)(B) (2007). Section 1B1.10(b) now permits a departure below the bottom of the amended range only when an original departure was granted pursuant to a government motion to reflect the defendant's substantial assistance to authorities. USSG § 1B1.10(b)(2)(A)–(B) (2012).

Sentencing Reform Act and separation of powers principles, and because it was amended and promulgated without properly adhering to the Administrative Procedures Act's ("APA") notice-and-comment requirements. Def.'s Supp. 3–27.

## II. ANALYSIS

*A. Defendant's Eligibility for a Reduced Sentence Pursuant to § 3582(c)(2).*

Federal courts generally do not have authority to modify a sentence once it has been imposed, but this rule of finality is subject to a few narrow exceptions—including a statutory exception under 18 U.S.C. § 3582(c)(2). *Freeman v. United States*, 131 S. Ct. 2685, 2690–91 (2011) (citing 18 U.S.C. § 3582(c)). Section 3582(c)(2) gives a district court jurisdiction and discretion to reduce a defendant's sentence if the defendant's sentence was "based on" a Guidelines sentencing range that has been subsequently lowered by the Sentencing Commission, and if such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission" in section 1B1.10 of the Guidelines. 18 U.S.C. § 3582(c)(2); USSG § 1B1.10. In 2010, the Supreme Court affirmed in *Dillon v. United States* that, by the plain language of § 3582(c)(2), section 1B1.10's policy statements are binding on federal courts. 130 S. Ct. 2683, 2687 (2010). Section 1B1.10(b) prohibits a court from reducing a defendant's sentence to a term "less than the minimum of the amended guideline range." USSG § 1B1.10(b)(2)(A). The only exception to this prohibition is when the original downward departure was made "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." USSG § 1B1.10(b)(2)(B) (2012).

Because defendant's original sentence was "based on" a Guidelines range, and because the applicable amended range under Amendment 750 is retroactive per section 1B1.10 of the Guidelines, defendant is eligible for a sentence reduction pursuant to § 3582(c)(2). USSG §

1B1.10; 18 U.S.C. § 3582(c)(2). However, the greatest sentence reduction defendant is eligible for under section 1B1.10(b) is a sentence of 188 months imprisonment. *See* USSG § 1B1.10(b)(2)(A)–(B). Because defendant's sentence is currently less than the bottom of the amended guideline range, and because defendant's original downward departure was not made "pursuant to a government motion to reflect defendant's substantial assistance to authorities," this Court does not have the authority to lower defendant's sentence any further. *Id.*

*B. Sentencing Reform Act Violation Claim*

Defendant contends that section 1B1.10(b) as amended is invalid and should not be applied in his case because 1B1.10(b)'s terms violate the Sentencing Reform Act ("SRA") by "interfer[ing]" with the original sentence's departures or variances—a power Congress did not grant to the Commission. Def.'s Supp. 5. Defendant is unable to cite any authority adopting this position; indeed, to this Court's knowledge, every circuit to consider defendant's argument has upheld section 1B1.10(b)'s validity. *See, e.g., United States v. Berberena*, 694 F.3d 514, 523–26 (3d Cir. 2012); *United States v. Horn*, 679 F.3d 397, 401, 404–09 (6th Cir. 2012); *United States v. Harris*, 688 F.3d 950, 957 (8th Cir. 2012) ("Every circuit that has considered [the argument] has held that '[the] statutory provisions [in 28 U.S.C. § 994 and 18 U.S.C. § 3582(c)(2)] are a sufficient delegation' of Congress's authority to the Sentencing Commission."); *United States v. Garcia*, 655 F.3d 426, 434–35 (5th Cir. 2011).

The Sentencing Reform Act of 1984 created the Sentencing Commission as an independent agency within the judicial branch, and the Commission derives its authority from the Act. *See Mistretta v. United States*, 488 U.S. 361, 362, 368 (1989); 28 U.S.C. § 991. The Commission has specific authority to limit sentence reductions pursuant to three statutory provisions: 24 U.S.C. §§ 994(a), 994(u), and 18 U.S.C. § 3582(c)(2). *Strain*, 2012 WL 5690573,

at *2 (3d Cir. Nov. 16, 2012). Section 994(u) of the Sentencing Reform Act requires the Commission to specify to what extent sentences may be reduced based on retroactive amendments, § 994(a)(2)(C) requires that this specification be in the form of a policy statement, and 18 U.S.C. § 3582(c)(2) makes those policy statements binding. *Id.* (citation omitted).

Section 1B1.10(b) of the Guidelines was amended pursuant to § 994(u) of the Sentencing Reform Act, in which Congress granted the Commission the authority to "specify in what circumstances and by what amount . . . sentences . . . may be reduced." 28 U.S.C. § 994(u); *see Berberena*, 694 F.3d at 520. In 2011, when the Commission amended section 1B1.10(b) to prohibit a sentence reduction below the amended guideline range (except when the original departure was pursuant to a government motion under section 5K1.1 of the Guidelines), the Commission was indicating "by what amount" sentences may be reduced on the basis of retroactive amendments. *Id.* at 520. Thus, the Commission's amendment to section 1B1.10(b) fell well within its statutory authority, as the Commission specified "the circumstances and by what amount" a sentence may be reduced. *Id.* at 526; 28 U.S.C. § 994(u).

Nowhere in the SRA does Congress require the Commission to ensure that a sentence reduction mirror the departures or variances of the original sentence, nor does Congress require the Commission to give judges any tools of departure or variance to use when reducing a sentence. *Berberena*, 694 F.3d at 521; *see also Horn*, 678 F.3d at 401–02. In *United States v. Anderson*, the Eighth Circuit considered whether the Commission lacked authority to "interfere with the structure of the district court's sentence" by preventing a court from applying downward departures and variances imposed at the initial sentencing, as Defendant presently argues. 686 F.3d 548, 549 (8th Cir. 2012). The court found that such an argument was "unconvincing" and noted that the Supreme Court had indicated that a sentence reduction under § 3582(c)(2) is not a

"plenary resentencing" but instead operates as "a narrow exception to the rule of finality" that "permits a sentence reduction within the narrow bounds established by the Commission." *Id.* at 589 (citing *Dillon v. United States*, 130 S. Ct. 2683, 2692, 2694 (2010)). The unfettered judicial discretion that Defendant seeks to preserve is at odds with the plain language of 28 U.S.C. §§ 994(u), 994(a), and 18 U.S.C. § 3582(c)(2), which is indicative of Congress's explicit intent. *See Berberena*, 694 F.3d at 522. Thus, section 1B1.10(b) as amended does not violate the Sentencing Reform Act, and defendant's contention is without merit.

*C. Administrative Procedures Act Violation Claim*

Defendant also claims that section 1B1.10(b) as amended violates "bedrock principles of administrative law" because the Commission's policy statement that amended 1B1.10(b) is binding on courts despite the fact that it was not promulgated subject to the Administrative Procedures Act's ("APA) notice-and-comment requirements. Def.'s Supp. 16. Again, defendant is unable to cite any authority adopting this position, and to this Court's knowledge, every circuit to consider defendant's argument has upheld section 1B1.10(b)'s validity against an APA challenge. *See, e.g., United States v. Johnson*, 2013 WL 163482, at *2–3 (8th Cir. Jan. 16, 2013); *Berberena*, 694 F.3d at 525–27; *Horn*, 679 F.3d at 403–07; *Fox*, 631 F.3d 1128, 1131 (9th Cir. 2011).

In the SRA, Congress explicitly placed the Commission in the judicial branch, 28 U.S.C. § 991(a) (establishing the Commission "as an independent commission in the judicial branch of the United States"), and the Supreme Court later approved of the Commission's location. *Mistretta*, 488 U.S. at 391. Because the Commission is an agency within the judicial branch, it is not required to abide by the APA. *Berberena*, 694 F.3d at 526; 5 U.S.C. § 701(a)–(b)(1)(B). Further, Congress has explicitly stated that the Commission is not subject to the APA's notice-

and-comment requirements when issuing policy statements. *Id.; Johnson*, 2013 WL 163482, at *2 (citing S. Rep. No. 98-225 at 180–81 (1983), *reprinted in* 1984 U.S.C.C.A.N. 312, 3363–64); *see also Wash. Legal Found. v. United States Sentencing Comm'n*, 17 F.3d 1446, 1450 (D.C. Cir. 1994). Even if the Commission's policy statements were subject to the APA, defendant's contention would still be moot because it was *Congress*, not the Commission, that made section 1B1.10 binding, and Congress is certainly not subject to the APA. *Berberena*, 694 F.3d at 527; *see also Horn*, 679 F.3d at 404 ("Section 3582(c)(2) says nothing about a district court's obligation to follow the Commission's *guidelines* regarding retroactivity[,]" which *are* subject to the APA, "it only mentions *policy statements*[,]" which are explicitly *not* subject to the APA; thus, it is Congress's authority that makes the policy statements binding.).

Moreover, even though the Commission's policy statements are not subject to the APA's notice-and-comment requirements, the Commission still solicited public views about 1B1.10(b)'s limitation on sentence reductions and announced its decision to make the limitation more stringent after a public hearing on the issue. *Berberena*, 694 F.3d at 525 (citing 76 Fed. Reg. 24960 (May 3, 2011); U.S. Sentencing Comm'n, Public Meeting Minutes (June 30, 2011), *available at* http://www.ussc.gov/Legislative_and_Public_Affairs/Public_ Hearings_and_Meetings/20110630/Meeting_Minutes.pdf.). Thus, this Court agrees with its sister circuits and finds that the Commission was not required to comply with the APA's notice-and-comment requirements when it issued the binding policy statements that amended section 1B1.10(b) of the Guidelines.

*D. Separation of Powers Violation Claim*

Finally, defendant challenges the validity of section 1B1.10(b) as amended on the premise that the amendment to 1B1.10(b) violates separation of powers principles because it was

promulgated by a policy statement that was binding like a guideline,[2] but which, unlike a guideline, was not subject to either the notice-and-comment requirements of the APA or the 180-day notice period for Congress's review,[3] resulting in a usurpation of legislative power to make law, a usurpation of judicial authority to craft sentences, and a lack of political accountability. Def.'s Supp. 5. Again, defendant fails to cite any authority adopting this position, and to this Court's knowledge, every circuit to consider defendant's argument has rejected it. *See, e.g., Johnson*, 2013 WL 163482, at *2; *Berberena*, 694 F.3d at 525–27; *Horn*, 679 F.3d at 404–09; *Fox*, 631 F.3d at 1131.

The nondelegation doctrine, rooted in the separation of powers principle that underlies our tripartite system of government, generally prevents Congress from delegating its legislative power to another branch. *Berberena*, 694 F.3d at 523 (citation omitted). However, a delegation of legislative power is permissible if Congress "lay[s] down by legislative act an intelligible principle to which the person or body authorized to [exercise that delegated authority] is directed to conform." *Id.* (citing omitted). Further, Congress need not expressly authorize every exercise of such delegated authority, as the Supreme Court has "upheld . . . Congress's ability to delegate power under broad standards." *Id.* (citation omitted). The intelligible principle is "easily met," and the Supreme Court in *Mistretta* found that Congress had appropriately "delineate[d] the general policy, the public agency which is to apply it, and the boundaries of this delegated authority" when it gave the Commission its authority—including its power under 28 U.S.C. § 994(u) to limit the extent of sentence reductions. *Id.* at 524 (citing *Mistretta*, 488 U.S. at 373). The Supreme Court also noted that all of the Commission's members were subject to presidential

---

[2] Amendments to section 1B1.10(b), though policy statements, are binding on courts pursuant to 28 U.S.C. §§ 994(a)(2) and 994(u). *Dillon*, 130 S. Ct. at 2687–2692.

[3] *Only* guidelines are required to abide by the APA's requirements. 28 U.S.C. § 994(x); *see United States v. Lopez*, 938 F.2d 1293, 1297 (D.C. Cir. 1991); *Wash. Legal Found.*, 17 F.3d at 1450.

removal, the members included individuals who were not part of the judiciary, and the Commission's power was limited by Congress's ability to revoke or amend the guidelines and policy statements "at any time," preventing the Commission from usurping legislative or judicial authority as well as ensuring accountability to Congress. *Anderson*, 686 F.3d at 590 (citing *Mistretta*, 488 U.S. at 393–94). The *Mistretta* Court concluded that even though the Commission's policy statements are not subject to either the 180-day waiting period or the APA's notice-and-comment requirements, the Commission's authority does not violate separation of powers principles because the Commission is an independent agency subject to the will of Congress. *Id.* at 525; *see also Horn*, 679 F.3d at 404–09; *Fox*, 631 F.3d at 1131.

Though section 1B1.10(b) constrains judges' discretion when entertaining § 3582(c)(2) motions to reduce sentences, it was *Congress*, not the Commission alone, that bound courts to the limitations in section 1B1.10(b), and Congress *has* the authority to restrict the judiciary's discretion in fashioning sentences as is evidenced by 18 U.S.C. § 3583(c)(2). *Berberena*, 694 F.3d at 525; *see also United States v. Sapp*, 2012 WL 3594226, at *2 (3d Cir. Aug. 22, 2012) ("[T]he language of § 3582(c)(2) itself explicitly cabins a court's discretion by requiring it to follow the 'applicable policy statements' of the Sentencing Commission."). Further, § 3582(c)(2) does not *require* a district court to grant a sentence reduction, but leaves it in the discretion of each district court to determine whether a reduction is warranted in whole or in part under the particular circumstances of the case. *Johnson*, 2013 WL 163482, at *5. Thus, a sentence reduction pursuant to § 3582(c)(2) is merely a *benefit* and not some protected entitlement. *Id.* Therefore, the Commission clearly is not constraining judicial authority in violation of the separation of powers. *See id.*

Because Congress validly delegated authority to the Commission to make policy decisions pursuant to an "intelligible principle," drafted the statute that made those policy decisions binding on the courts, and retained the power to legislate over the policy decisions, the amendment to section 1B1.10(b) of the Guidelines does not violate separation of powers principles and is applicable to defendant's case. *See Berberena*, 694 F.3d at 525.

## III. CONCLUSION

For the foregoing reasons defendant's Motion [56] to Reduce Sentence is DENIED. A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed Royce C. Lamberth, Chief Judge, on February 15, 2013.